```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

MAXUM INDEMNITY COMPANY                                      PLAINTIFF

VS.                                CIVIL ACTION NO. 3:09CV212TSL-JCS

JIMMY WILSON, JIMMY WILSON D/B/A
WILSON'S MECHANICAL SERVICES,
SOUTHERN SPECIALTY FOODS, INC.,
AND WARREN BUILDING CO. INC.                                DEFENDANTS

Consolidated with

AMERICAN SOUTHERN INSURANCE COMPANY                          PLAINTIFF

VS.                                 CIVIL ACTION NO. 2:09CV87KS-MTP

JIMMY WILSON                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

American Southern Insurance Company (ASIC) filed the present suit against defendant Jimmy Wilson for a declaratory judgment that a commercial general liability insurance policy issued by ASIC to Wilson provides no coverage for damages resulting from the collapse of a certain metal building fabricated and constructed by Wilson. The case is presently before the court on a motion by ASIC for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Wilson has responded to ASIC's motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is well taken and should be granted.

In 2005, Wilson was subcontracted by Waren Building Company to fabricate and erect a metal building at Southern Specialty Foods in New Hebron, Mississippi. Wilson completed the construction and erection of the building in November 2005. Three years later, in December 2008, the building collapsed following a heavy snow of eight or nine inches. Southern Specialty Foods has made a claim against Wilson for the losses resulting from the collapse, demanding damages of more than $2,000,000.

The ASIC policy at issue in this case was initially issued to Wilson in July 2005, with effective dates of July 15, 2005 through July 15, 2006. A renewal policy was issued July 25, 2006, and was effective from July 15, 2006 through July 15, 2007. In its motion for summary judgment, ASIC argues, *inter alia*, that since the collapse of the Southern Speciality Foods building occurred after the ASIC policies expired, then under the terms of the policy, there is no duty of defense or indemnity with regard to claims for loss arising out of that collapse. In the court's opinion, ASIC is correct.[1]

---

[1] Wilson's current insurer, Maxum Indemnity Company, filed a declaratory action against Wilson, Waren Building and Southern Specialty Foods on April 2, 2009 for recision of its policy and determination of coverage for the subject loss. Shortly thereafter, on May 4, 2009, ASIC filed a declaratory judgment against Wilson for a determination of coverage for the loss. These cases were consolidated into Civil Action No. 3:09CV212TSL-JCS.

The pertinent policy provisions are as follows:

```
SECTION I – COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
...
b. This insurance applies to "bodily injury" or "property
damage" only if:
...
    ii. The "bodily injury" or "property damage"
    occurs during the policy period.

"Property damage" means

a. Physical injury to tangible property, including all
resulting loss of use of that property. All such loss
of use shall be deemed to occur at the time of the
physical injury that caused it....
```

As the court observed in Essex Insurance Co. v. Massey Land & Timber, LLC, No. Civ. Action 5:04CV102DCBJCS, 2005 WL 3133033, 1 (S.D. Miss. Nov. 22, 2005), "[t]his provision clearly focuses on the time the *damage* occurs and not on the time of the underlying event that eventually caused the damage. An overwhelming majority of jurisdictions have rejected the argument that coverage is triggered at the time of the injury-causing event because such an interpretation conflicts with this provision of a standard occurrence policy." No. Civ. Action 5:04CV102DCBJCS, 2005 WL 3133033, 1 (S.D. Miss. Nov. 22, 2005) (quoting Joe Harden Builders, Inc. v. Aetna Casualty and Surety Co., 326 S.C. 231, 486 S.E.2d 89, 90 (S.C. 1997)). The issue thus presented by ASIC's motion is whether the "property damage" for which recovery is sought occurred at the time of Wilson's fabrication and erection of the structure in November and December 2005, or whether it

3

occurred at the time the building collapsed. ASIC maintains that the "property damage" at issue is the loss that resulted from the collapse of the building, which occurred well after ASIC's policies had expired. On the other hand, Wilson seems to suggest that the "property damage" at issue includes alleged property damage to the building itself, which he contends occurred when the building was constructed in 2005, which was during the policy period.[2]

There is neither allegation nor proof that the subject building sustained any tangible, physical injury during the policy

---

[2] In fact, this argument was not presented in response to the motion for summary judgment, but rather was indirectly alluded to by Wilson in his briefing on his motion to stay, which the court denied. In his response to the motion for summary judgment, Wilson has argued that to avoid coverage, ASIC must show that "the 'occurrence' causing the collapse of the Southern Speciality Foods Building was outside its respective policy periods," and that summary judgment cannot be granted for ASIC because the evidence presented by ASIC to date "do[es] not specify at what point the actual "occurrence" took place," so that "the actual 'occurrence' causing the collapse remains unknown to any of the parties in the present action." In this regard, Wilson apparently contends that the "occurrence" causing the "property damage" may have been alleged faulty construction or it may have been an unforeseen snow event in south Mississippi.

As is pertinent to the present issue, Wilson's argument in opposition to summary judgment is incorrect for at least two reasons. First, it is Wilson's burden to establish that the loss comes within the coverage provisions of the policy. See Tuepker v. State Farm Fire & Cas. Co., 507 F.3d 346, 356 (5th Cir. 2007) ("Under Mississippi law, the plaintiff bears the burden of proving his right to recover under an insurance policy."). Second, the issue raised by ASIC's motion is not whether there was an alleged "occurrence" during the policy period, but whether the alleged "property damage" for which coverage is sought occurred during the policy period.

period, and the loss for which Southern Specialty Foods demands recovery, and hence for which Wilson seeks indemnity, is the loss that was sustained when the subject building collapsed in 2008. Thus, since the only tangible, physical injury or loss of use of the building occurred when it collapsed, after ASIC's policy had expired, there is no coverage under the ASIC policy for the loss.

Accordingly, it is ordered that ASIC's motion for summary judgment is granted.

SO ORDERED this 21st day of January, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE