IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MAXUM INDEMNITY COMPANY                                            PLAINTIFF

V.                                              CIVIL ACTION NO.: 3:09cv212-DPJ-FKB

JIMMY WILSON, et al.                                               DEFENDANT

ORDER

This insurance coverage dispute is before the Court on cross motions for summary judgment filed by Waren Building Co., Inc. [98] and Maxum Indemnity Company [118].  Having considered the parties' submissions, the Court finds that the motions should be denied.[1]

The parties present the following issues: (1) did Wilson make material misrepresentations in his application for insurance giving Maxum the right to rescind the policy; (2) did Maxum waive that right; (3) should the contract be reformed; (4) did Maxum engage in post-claim underwriting; and (5) should the Court abstain.

I.    Substantive Issues

Maxum first seeks rescission.  Generally, an insurer may rescind an insurance policy *ab initio* if the "applicant . . . is found to have made a misstatement of material fact in the application."  *Carroll v. Metro. Ins. & Ann. Co.*, 166 F.3d 802, 805 (5th Cir. 1999) (citing *Prudential Ins. Co. v. Russell*, 274 So. 2d 113, 116 (Miss. 1973) (additional citations omitted)).  In order to do so, "an insurer must show [first] that the application contains answers which are false, incomplete, or misleading and [second,] that such answers are material to the acceptance of

---

[1]In the interest of time and judicial economy, the Court will not provide a memorandum opinion and order.  The parties are well aware of the record and the legal arguments, and this opinion is intended for their benefit.

the risk or the hazard to be assumed." *Bullock v. Life Ins. Co. of Miss.*, 872 So. 2d 658, 661 (Miss. 2004).

But the right to rescind a policy can be waived, and both Waren and Wilson claim that Maxum waived its rescission rights as a matter of law. "A waiver is a voluntary and intentional relinquishment of a known right or conduct that warrants an inference of such a relinquishment." *Highlands Ins. Co. v. Allstate Ins. Co.*, 688 F.2d 398, 404 (5th Cir. 1982) (citations omitted). "Under Mississippi law an insurer may waive its right to forfeit or rescind an insurance policy by continuing the policy in force after learning of facts that would permit it to avoid the policy." *Id*. (citing *Cas. Reciprocal Exch. v. Wooley*, 217 So. 2d 632, 636 (Miss. 1969)).

The burden on an insured asserting a waiver argument is not particularly high. "Even 'slight circumstances' will support a finding that an insurer has waived a forfeiture clause in an insurance policy, for 'courts liberally construe in favor of an insured acts or circumstances by the insurer indicating an intention to waive a forfeiture.'" *Id*. (citation omitted). But courts are less likely to find waiver where, as Maxum alternatively alleges in this case, "fraud on the part of the insured is involved." *Id.* at 404 n.21 (citing *Wooley*, 217 So. 2d at 636; 16C J. Appleman & J. Appleman, Insurance Law and Practice § 9303, at 504 (rev. ed. 1981)). In *Wooley*, the insured claimed that retention of premiums waived the right to rescind the policy, but the Mississippi Supreme Court disagreed, noting that the insurer's conduct occurred before the carrier obtained "all the facts concerning the fraud." 217 So. 2d at 636–37 (citing 16A Appleman, Insurance Law & Practice, s 9303 (1968). And where factual disputes exist, waiver is a question of fact for the jury. *Highlands Ins. Co.*, 688 F.2d at 404.

As a final alternative, Maxum seeks to reform the contract. Reformation of a contract "is justified only (1) if the mistake is a mutual one, or (2) where the mistake is on the part of one

party and fraud or inequitable conduct on the part of the other." *Steinwinder v. Aetna Cas. & Sur. Co.*, 742 So. 2d 1150, 1155 (Miss. 1999) (citing *Johnson v. Consolidated Am. Life Ins. Co.*, 244 So.2d 400, 402 (Miss. 1971)).

In the present case, factual disputes preclude a ruling on any of the above referenced theories. The parties argue contrary versions of the facts and suggest that their version has been established as a matter of law. But in their effort to reduce the record to a series of purely legal questions, the parties urge inferences from the record that would require the Court to weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (observing that the court may "not make credibility determinations or weigh the evidence" under Rule 56).[2]

Based on the record, the following questions of fact remain: (1) whether Wilson misrepresented facts or committed fraud in the policy application; (2) when Maxum obtained knowledge of the facts concerning the alleged fraud as it relates to the waiver argument; (3) whether Maxum's post-notice conduct amounts to waiver; (4) if misrepresentations occurred, were they material in light of Maxum's post-claim conduct; (5) did Maxum engage in post-claim underwriting; and (6) what was the intent of the parties as it relates to Maxum's reformation argument.

These questions of fact preclude summary judgment as to Waren's waiver and post-claim underwriting arguments and its contention that Maxum cannot establish its burden of proof on either its rescission defense or its declaratory judgment claims. If Maxum was entitled to rescind, then the contract would be void *ab initio* and no coverage would exist. These questions of fact likewise preclude summary judgment as to Maxum's motion seeking an order of

---

[2]The Court notes that while questions of fact have been presented, the record will not support many of the inferences that have been suggested.

rescission, or alternatively reformation, as a matter of law.

II.     Abstention

Waren argues that the Court should abstain in light of pending state court proceedings. Although the parties urge the Court to apply the factors found in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), that case involved abstention under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). But this action includes non-frivolous counter-claims for coercive relief which invoke the *Colorado River* abstention standard. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395–97 (5th Cir. 2009) (holding that coercive claims in counter-claims invoke *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), not *Brillhart*).

Still, the *Colorado River* doctrine applies "only applies when there are parallel proceedings pending in federal and state court." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006) (citing *RepublicBank Dallas, Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.1987). Here, the actions are not parallel.

And even if the "precise identity" standard for parties and issues is relaxed, *see id.*, Waren has not met the test. "Under the *Colorado River* doctrine, a court may abstain from a case under 'exceptional circumstances.'" *Id.*, 462 F.3d at 394. Six factors determine whether exceptional circumstances exist:

> (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 395. These factors are not a "mechanical checklist." *Id.* (citation omitted). Instead, the court must carefully balance "the important factors as they apply in a given case, with the balance

heavily weighted in favor of the exercise of jurisdiction." *Id*. (citation omitted).

In the present case, Waren's prayer for a stay failed to address the appropriate questions. The Court's own review of the matter suggests that factors 1 and 4 weigh against abstention; factors 3 and 5 weigh in favor of abstention; 2 is neutral; and 6 has not been addressed. Waren has not demonstrated exceptional circumstances.

III.    Conclusion

For the foregoing reasons, the parties cross motions for summary judgement are DENIED.

**SO ORDERED** this the 19th day of November, 2010.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE